ROGERS, Justice.
 

 Arthur J. Gordon, doing business as the Nola Lumber Company, has appealed from a judgment dismissing his suit on an exception of no cause of action.
 

 The suit was originally instituted against C. E. Alexander and Mrs. R. F. Alexander on a note of the Westwego Lumber Company, Inc. Later, by a supplemental and amended petition, J. W. McClelland and Mrs. M. H. McClelland were also made parties defendant.
 

 Plaintiff alleges that he is the holder of a note for $8,126.26 drawn by the Westwego Lumber Company, dated January 20, 1932, payable on demand to the order of the Nola Lumber Company and indorsed by C. E.. Alexander; that the capital stock of the Westwego Lumber Company is $25,000, divided into 250 shares of the par value of $100 each, and to be paid for when required by the board of directors; that the incorporators of the company were four in number, namely, C. E. Alexander and Mrs. M. H. McClelland, subscribing for one share each, and Mrs. R.,"F. Alexander and J. W. McClelland, subscribing for 49 shares each; that all the stockholders were named as members of the board of directors, with J. W. McClelland as president and C. E. Alexander as secretary-treasurer.
 

 Petitioner alleges: That about May, 1930, he began selling the Westwego Lumber Company on open account, extending it such credit as its financial condition seemed to justify, and, in estimating its financial ability to pay, he accepted as true the recitals in the charter of the lumber company that its capital stock was to be paid for in cash as called for by the board of directors.
 

 That since granting credit to the lumber company, petitioner has learned that, according to the books of the company, Mrs.
 
 *435
 
 R. F.-Alexander borrowed from it $9,689.25 and. J. W. McClelland borrowed from it $13,311.62, or that a total of approximately $23,000 of the capital stock was returned to the stockholders who were supposed to have paid' for their stock in cash.
 

 That petitioner has no means o,f ascertaining at present whether any cash was paid by the stockholders for their stock or whether it was paid for and the amount thereof then withdrawn by permission of the board of directors. In either event, a fraud was perpetrated. The company did not have a paid-up capital of $10,000 as set forth in its charter, nor of $25,000 as set forth in the amendment to the charter and the books of the company. ‘
 

 Plaintiff further alleges that the Westwego Lumber Company is insolvent and in receivership and that C. E. Alexander has been appointed as its receiver.
 

 In his original petition plaintiff alleged that the defendants C. E. Alexander and Mrs. R. F. Alexander are personally liable to petitioner'as a creditor of the Westwego Lumber Company because of the fraudulent acts and misrepresentations set forth, and the defendant C. E. Alexander is also liable as an indorser on the note.
 

 In his supplemental and amended petition plaintiff alleges that J. W. McClelland and Mrs. M. H. McClelland, while members of the board of directors of the Westwego Lumber Company, and acting jointly and severally with the other directors, caused a reduction of the capital stock of the' company and an unlawful return of its assets under the guise of a loan to J. W. McClelland, a stockholder, of the sum of $13,311.62 and a supposed loan of $9,689.25 to Mrs. R. F. Alexander, also a stockholder. And plaintiff alleges that he “has a right of action against these defendants in their capacities as stockholders for the unpaid balance on their stock.”
 

 In his supplemental and amended petition plaintiff alleges that his cause of action is founded on section 17 of Act No. 267 of 1914 and section 27 of Act No. 250 of 1928. But since the debt on which plaintiff sues arose after the passage of.Act No. 250 of 1928, plaintiff in his argument before this court has abandoned his alleged cause of action under Act No. 267 of 1914, and rests on the contention that his cause of action arises under section 27 of Act No. 250 of 1928!
 

 Section 27 of Act No. 250 of 1928, p. 426, provides in part as follows, viz.:
 

 • “If any dividend shall be paid in violation of Section 24, or if any other unlawful distribution, payment or return of assets be made to shareholders:
 

 “I. Tbe directors who knowingly, or without exercising that diligence, care and skill which ordinarily prudent men in like positions would exercise under similar conditions, voted in favor thereof, shall be liable jointly and severally to creditors of the corporation in an amount equal to the amount of the dividends so paid, and the distribution, payment or return of assets so made.”
 

 
 *437
 
 Since the statutory provision on which plaintiff’s suit is based applies only to directors, it is clear that his supplemental petition in which he seeks to impose liability on the defendants J. W. Mc-Clelland and Mrs. M. H. McClelland in their capacities as stockholders for the unpaid balance of their stock fails to disclose a cause of action.
 

 Although plaintiff, in his original petition, alleges that C. E. Alexander and Mrs. R. F. Alexander are personally liable to him as members of the board of directors of the Westwego Lumber Company, we neve'rtheless think his petition has failed to set forth a cause of action. Section 27 of Act No. 250 of 1928, on which plaintiff founds his cause of action, applies only to those directors “who knowingly, or without exercising that diligence, care and skill which ordinarily prudent men in like positions would exercise under similar conditions, voted in favor of” an unlawful distribution, payment, or return of assets to shareholders. We think such an allegation is essential. Under section 17 of Act No. 267 of 1914, liability attached to the director, who merely assented to the act ■complained of, whether his assent was given knowingly or innocently. But, when the subsequent corporation statute was drawn, the lawmakers were careful to impose liability only on those directors who knowingly or carelessly voted for the things set out in the statutory provision.
 

 Nowhere does it appear in plaintiff’s petitions, original and supplemental, that the defendants ever subscribed for more than 100 shares of the par valué of $100, each of the capital stock of the Westwego Lumber Company. Nor is it alleged that they were called upon by the board of directors to pay the balance of their subscriptions, if, in fact, they were not paid in full. Plaintiff does not show that the so-called loans were not earnings of defendants’ stock or that the Westwego Lumber Company at the time it made the alleged loans was not in possession of an ample surplus justifying the payments whether they were made as loans or as stock dividends. And plaintiff does not show that the alleged loans were made after plaintiff began its dealings with the lumber company.
 

 However, C. E. Alexander, one of the defendants, was sued as the indorser of the note held by plaintiff. He apparently does not contest his liability as indorser, and the complete dismissal as to him was clearly an oversight.
 

 For the reasons assigned, the judgment appealed from is annulled so far as it dismisses plaintiff's suit against the defendant C. E. Alexander as an indorser on the note herein sued on, and the case is remanded for further proceedings against said defendant C. E. Alexander as said indorser. In all other respects the judgment is affirmed; costs of this appeal to he paid
 
 by
 
 the defendant C. E. Alexander.